**Basil MANIOUDAKIS and Helen Manioudakis, Appellants,**

**v.**

**James KANAKOS, Appellee.**

**Nos. 3163–3164.**

District of Columbia Court of Appeals.

Argued March 4, 1963.

Decided March 28, 1963.

█

---

Bernard T. Levin, Washington, D. C., for appellants.

James Shenos, Washington, D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

Mr. and Mrs. Manioudakis sued Kanakos for $4,000, claiming it was a loan he had not repaid. Kanakos denied it was a loan and said the money was in payment of a stock interest in a corporation then being formed to operate a night club, Kismet Restaurant, Inc., a venture which failed several months later. After a trial at which the transaction was explored in great detail the trial court found for defendant, and that decision is here for review.

Plaintiffs' testimony was they had given the money to defendant in the form of two cashier's checks, and that it was a loan which was to be repaid with interest. No note or other memorandum of the transaction was given by defendant, or requested of him.

Defendant testified that the two plaintiffs asked for the privilege of investing in the new night club and that it was clearly understood that they were joining him and others as stockholders in the corporate venture. Though plaintiffs did not actually receive their stock certificates, there was testimony that the certificates had been issued and were ready for them, and that they had been asked to pick them up. There was also testimony that Mr. Manioudakis attended and participated actively in stockholders' meetings and otherwise conducted himself as a stockholder, and that it was not until after the corporate business began to fail that he asked for his money from Kanakos.

The case presented a dispute entirely factual: whether the money had been loaned or invested. We cannot say that the trial judge was required to reject the testimony for the defense.

It is true that defendant did not actually establish that he placed the money in the corporation. Initially, at least, he deposited the two cashier's checks in the account of another corporation, and he was vague and uncertain as to when, if at all, it was redeposited to the credit of the newly formed corporation. But even viewing this phase of the transaction in a light most unfavorable to defendant, it does not follow that plaintiffs are entitled to a reversal of the judgment below. Even if it be said that defendant improperly diverted funds entrusted to him the fact remains, or so the trial court found on sufficient evidence, that plaintiffs got what they bargained for: a stock interest in Kismet Restaurant, Inc.

Affirmed.